PER CURIAM.
By a suggestion for the issuance of a rule nisi in prohibition, a rule absolute and a judgment in prohibition, and an alternative writ of mandamus, a peremptory writ and a judgment of mandamus, the relator-petitioners in these consolidated cases have presented for our review the June 18, 1971, action of the Respondent Board of Business Regulation of the State of Florida. The Board granted 21 additional operating days and 11 matinee performances to Respondent Miami Jai Alai to make up for days lost because it had been forced to close its fronton prior to the end of its licensed season due to labor-management difficulties. Relator-petitioners seek to have this action of the Board declared invalid and illegal. Respondent’s “defenses in response” are treated as a return in prohibition and mandamus. We have jurisdiction pursuant to Fla.Const. art. V, § 4(2), F.S.A.
*856 Fla.Stat. § 551.12, F.S.A., relating to frontons contains the following express proviso:
“Provided, also, that the said commission shall not limit the number of operation days in any twelve-month period for such operators of licensed frontons to less than ninety days or more than one hundred and five days * *
Because of the minimum 90 days of operation required to be allowed to the fronton operator under this proviso, at least six additional days should be granted under these circumstances beyond the actual 84 days operated this year by Respondent Miami Jai Alai. Upon additional equitable considerations in the light of apparent economic factors involved in setting up for such a short period of time, and in further view of the outlay of expenses already incurred in good faith by said respondent in justified reliance upon the Board’s award of the replacement days for those lost, a total 12 make-up operating days should be affirmed as replacement operation days in these special circumstances and in this one instance only.
Accordingly, the writ of prohibition and the writs of mandamus sought herein are respectively denied to the extent of 12 days and 6 matinees from and including July 2, 1971, through and including July 15, 1971 (excluding the two Sundays not allowed by statute). Judgments in prohibition and mandamus against respondents are hereby entered effective July 16, 1971. The petition for constitutional stay, of course, becomes moot by virtue of this order.
Because of the late hour at which this matter was brought before us and the immediate date of opening the fronton on July 2, 1971, the time for filing any petitions for rehearing are of necessity shortened to 5 days from date of filing of this opinion.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.